**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**SHARON JOHNSON** **PLAINTIFF**

**v.** **Case No. 2:26-CV-02026-DCF**

**GRIFOLS BIOMAT** **DEFENDANT**

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation (Doc. 4) issued on March 16, 2026, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. On preservice screening, Magistrate Judge Ford recommends that Plaintiff Sharon Johnson's Complaint be dismissed without prejudice for failing to state a claim upon which relief can be granted and that her Motion for Leave to Proceed *in forma pauperis* be denied as moot. After careful review, the Court concludes that the Report and Recommendation should be, and hereby is, approved and adopted in all respects and in its entirety as this Court's findings. For the reasons given below, the Report and Recommendation is **ADOPTED IN ITS ENTIRETY.**

### I. BACKGROUND

The Report and Recommendation ordered that any written objections were to be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1). (Doc. 4 at 4). On April 2, 2026, Plaintiff filed an Amended Complaint (Doc. 5) and Motion to Continue (Doc. 6) instead of filing objections. Although untimely, given Plaintiff's

*pro se* status, the Court has fully considered both of Plaintiff's filings and reviewed this case *de novo*. Plaintiff is cautioned that her *pro se* status does not excuse her from following the Federal Rules of Civil Procedure and Local Rules of this Court. *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (*pro se* status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules).

In her Complaint, Plaintiff alleges that she "was wrongfully terminated" on July 13, 2024. (Doc. 1, p. 4). Plaintiff asserts that "no injuries was [sic] sustained [] related to the event," but in response to the question regarding what happened she lists "falsifying documents" and "discrimination." (*Id.* at 4-5). Further, she requests the Court "clear [her] name of the charges that [Defendant] has on [her]." (*Id.* at 5). She "names Grifols Biomat Corporation as the sole Defendant in this action, specifying that it is located on Rogers Avenue in Fort Smith, Arkansas and that it is sued in its official capacity." (Doc. 4, p. 1).

In her Amended Complaint, Plaintiff provides additional details regarding her alleged wrongful termination. She indicates that on the morning of July 13, 2024, she was "called to the office by David Grant with no warning and was asked to clear out [her] locker and vacate the preimesse [sic]," and was "terminated for falsifying documents." (Doc. 5, p. 6). Plaintiff's Motion to Continue asserts "wrongful termination" and that she was "let go due to racial discrimination." (Doc. 6, p. 1). Plaintiff alleges that she was employed at Grifol's Biomat for "24 year [sic] and 9

months" and that, prior to her termination, she had " perfect attendance, [was] never late, [had] great evaluation[s], stayed to myself [sic], [received] no warnings, or violations due to job performance." (*Id.*).

## II. LEGAL STANDARD

Under a § 1983 claim, "a plaintiff must demonstrate a plausible claim for relief, which is more than a mere possibility of misconduct." *Graves v. Short*, No. 25-00262, 2025 WL 2299405, at *1 (E.D. Miss. Aug. 7, 2025) (quoting in part *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." When considering whether "a complaint states a claim for which a court may grant relief, a district court accepts the complaint's factual allegations as true and draws all reasonable inferences in the plaintiff's favor." *Fraction v. Moorhead Police Dep't*, No. 22-3019, 2023 WL 6930761, at *3; *see Loftness Specialized Farm Equip., Inc. v. Twiestmeyer*, 742 F.3d 845, 854 (8th Cir. 2014). While "a complaint's factual allegations need not be detailed, [they] must raise a right to relief above the speculative level." *Fraction*, 2023 WL 6930761, at *3 (quoting in part *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to [a] less stringent standard than formal pleadings drafted by lawyers." *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). "Though *pro se* complaints are to be construed liberally, they still must allege sufficient facts

to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle them to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.1998).

**III. DISCUSSION**

After careful review of the record, the Court agrees that Plaintiff has failed to assert sufficient "factual allegations as to the particulars of Plaintiff's termination." (Doc. 4, p. 3). Although "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint [] must be held to [a] less stringent standard than formal pleadings drafted by lawyers," the Court still expects a *pro se* plaintiff to provide discernable facts to support the claims advanced in their complaint. *See Erikson*, 551 U.S. at 94; *Stone*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff's subsequent motions provide additional details to supplement her initial Complaint and an attempt to address the deficiencies outlined in the Report and Recommendation. Considering these new facts, the Court believes Plaintiff is attempting to assert a tort claim for wrongful termination under Arkansas law or a racial discrimination claim under § 1983; however, it remains unclear based on the details provided. *See Thornton v. Phillips Cnty*, 240 F.3rd 728, 729 (8th Cir. 2008) (suggesting that objections to a magistrate judge's report can be treated as a way to

amend the original complaint).[1]

Through the course of her Complaint, Amended Complaint, and Motion to Continue, Plaintiff outlines the events that led to her termination. For example, in her initial Complaint, Plaintiff states, "the facts underlying [her] claims are [that she] was wrongfully terminated . . . [for] falsifying documents and discrimination," and that "no one else saw what happened." (Doc. 1, p. 5). Then, in the Amended Complaint, Plaintiff alleges that she had previously written a statement indicating she read to an illiterate plasma donor, which was one of her job requirements, and that she was wrongfully terminated for falsifying documents. (Doc. 5, p. 6). Based on the Amended Complaint, it appears Plaintiff is alleging that she was terminated for falsifying a document about reading to an illiterate plasma donor, but this is not entirely clear.

She also alleges injuries resulting from her termination, including inability to find work due to her falsifying documents record and that she has "suffered depression, anxiety, [and] mental anguish." (*Id.* at 7). The Motion to Continue restates many of the previously alleged facts outlined in the Complaint and Amended Complaint. (Doc. 6).

The Eighth Circuit has found that "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that

[1] While Plaintiff has not filed a formal Objection, the Court has reviewed her subsequent Amended Complaint and Motion to Continue for Objections to the Report and Recommendation.

permits the layperson's claim to be considered within the proper legal framework." *Stone*, 364 F.3d at 915. Although the Court is permitted to supplement Plaintiff's Objections, or, in this case, Amended Complaint and Motion, to discern the full claim or claims, the facts must be sufficiently stated such that the Court can discern the essence of Plaintiff's allegation. *See Thornton*, 240 F.3rd at 729.

For these reasons, the Court agrees with the recommendation that the Complaint should be dismissed without prejudice due to insufficient allegations. There is nothing in this Order prohibiting Plaintiff from re-filing her action properly asserting sufficient facts to support a clearly articulated claim or claims.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Report and Recommendation is proper and is **ADOPTED IN ITS ENTIRETY**. Accordingly, Plaintiff's case will be **DISMISSED WITHOUT PREJUDICE** and the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) **DENIED AS MOOT**.

**IT IS SO ORDERED** this 20th day of October 2026.

/s/ David Clay Fowlkes
DAVID CLAY FOWLKES
UNITED STATES DISTRICT JUDGE